O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA L. JARVIS,<br><br>                           Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                           Defendant. | Case No. 8:15-cv-01628 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In July of 2012, Plaintiff Rita Jarvis applied for disability insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, the Law Offices of Martin Taller, APC, Troy Dana Monge, Esq. of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10, 13). On May 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 18).

## II. BACKGROUND

Plaintiff applied for benefits on July 25, 2012, alleging disability beginning January 30, 2012, due to various impairments. (T at 170-71).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On May 14, 2014, a hearing was held before ALJ Helen Hesse. (T at 30). Plaintiff appeared with her attorney and testified. (T at 33-59). The ALJ also received testimony from Dr. David Rinehart, a vocational expert (T at 59-63).

On June 24, 2014, the ALJ issued a written decision denying the application for benefits. (T at 10-29). The ALJ's decision became the Commissioner's final decision on August 17, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 16.

On October 9, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on December 14, 2015. (Docket No. 15). The parties filed a Joint Stipulation on February 17, 2016. (Docket No. 17).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

A.   **Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the

claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 30, 2012, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2015 (the "date last insured"). (T at 15). The ALJ found that Plaintiff's degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; fibromyalgia; chronic fatigue syndrome; status post bilateral carpal tunnel release surgeries; osteoarthritis of the hands and feet; obesity; and asthma were "severe" impairments under the Act. (Tr. 15).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 17).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of light work as defined in 20 CFR § 404.1567 (b). In particular, the ALJ found that Plaintiff could: sit for 6 hours in an 8-hour workday; stand or walk 6 hours in an 8-hour workday, with normal breaks; occasionally lift 20 pounds, frequently lift 10 pounds; occasionally climb stairs, bend, balance, stoop, kneel, crouch, and crawl, but was precluded from climbing ladders, ropes, or scaffolds; and could use both upper extremities on a frequent, but not constant, basis. The ALJ found that Plaintiff was precluded from working around unprotected heights and needed to avoid concentrated exposure to cold, wetness, dust, fumes, gases, or chemicals. (T at 18).

The ALJ concluded that Plaintiff could perform her past relevant work as a commercial property manager, real estate branch manager, executive assistant, administrative assistant, and mobile home salesperson. (T at 23).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between January 30, 2012 (the alleged onset date date) and June 24, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 23-24). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

8

DECISION AND ORDER – JARVIS v COMMISSIONER 8:15-cv-01628 (VEB)

**D.     Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 17, at p. 2), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed.  Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

## IV. ANALYSIS

**A.     Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In May of 2014, Dr. Naguib Bebawi, Plaintiff's treating physician, provided a physical residual functional assessment. Dr. Bebawi explained that he had been treating Plaintiff since June of 2011. He noted that Plaintiff suffered from several serious conditions, with chronic fibromyalgia as her primary diagnosis. (T at 719). Dr. Bebawi opined that Plaintiff could not lift or carry more than 5-10 pounds, could not stand for more than 2 hours in an 8-hour day, could not walk more than 2 hours,

could not sit more than 2 hours, and could not push/pull for more than 2 hours per working day. (T at 720). Dr. Bebawi stated that he believed Plaintiff was "permanently and totally disabled for any type of job." (T at 720).

The ALJ gave "little weight" to Dr. Bebawi's opinion, finding it "overly restrictive given [Plaintiff's] positive response to both conservative care and surgical intervention." (T at 22). In addition, the ALJ concluded that Dr. Bebawi's assessment was contradicted by treatment notes showing normal gait, full cervical range of motion, mildly reduced lumbar range of motion, full strength, intact motor function, and lessened pain symptoms with medication management. (T at 22).

For the following reasons, this Court finds that the ALJ did not adequately develop the record and a remand is accordingly required.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

One of the tools the ALJ has to develop the record is the ability to order a consultative examination, *i.e.*, "a physical or mental examination or test purchased

for [a claimant] at [the Commissioner's] request and expense." 20 C.F.R. §§ 404.1519, 416.919. The ALJ's duty to develop the record further is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

In addition, the Ninth Circuit has directed caution with regard to claims involving fibromyalgia, a disease noted for its lack of objective diagnostic findings. In particular, the Ninth Circuit has recognized that "fibromyalgia's cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia." *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001) (quoting *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996)).

In other words, "the absence of swelling joints or other orthopedic and neurologic deficits 'is no more indicative that the patient's fibromyalgia is not disabling than the absence of a headache is an indication that a patient's prostate cancer is not advanced.'" G*reen-Younger v. Barnhart*, 335 F.3d 99, 109 (2d Cir. 2003) (quoting *Sarchet*, 78 F.3d at 307).

This Court finds that the ALJ erred in the present case by "effectively requir[ing] objective evidence for a disease that eludes such measurement." *Benecke*

*v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting *Green-Younger*, 335 F.3d at 108). If the ALJ had addressed this concern and offered an explanation for her decision, supported by substantial evidence, this Court would have been bound to accept that explanation. However, it does not appear that the ALJ exercised the requisite caution when considering this issue.

Moreover, there were substantial reasons for crediting Dr. Bebawi's assessment. Dr. Bebawi had a lengthy treating relationship with Plaintiff, lasting nearly three (3) years as of the date of his report. (T at 719). Treatment notes described Plaintiff as suffering from hip pain, using a walker, and experiencing chronic fatigue and hand tremors. (T at 400). She had limited range of motion in her right hip. (T at 402). Plaintiff was assessed as having chronic pain, shortness of breath, and acute L5 radiculopathy. (T at 408). Her gait was described as "limping" and she was noted to be "using a wheelchair to transfer." (T at 416). Plaintiff experienced crepitation (a crackling or rattling sound) and limited range of motion in both knees and needed a walker. (T at 425).

It appears the ALJ considered having a medical expert testify at the administrative hearing – the curriculum vitae of two such experts (Dr. Arvin Klein and Dr. Ruben Beezy) are included in the record. (T at 120, 156). However, no such

expert(s) were called and the ALJ did not refer Plaintiff for a consultative examination.

As outlined above, given the ambiguous nature of the evidence and light of the particular concerns raised by fibromyalgia, it was error to not seek the input of a consultative examiner and/or the testimony of a medical expert.  Instead, the ALJ relied heavily on the opinions of non-examining State Agency review consultations (Dr. Spinka and Dr. Ramsey). (T at 22-23, 66-76, 78-90).  However, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). Moreover, the State Agency review consultants rendered their opinions in November of 2012 and June 2013, respectively.  As such, they did not have the benefit of reviewing Dr. Bebawi's May 2014 assessment.

For the foregoing reasons, this Court finds that the record was not adequately developed and the ALJ's decision to afford little weight to Dr. Bebawi's opinion therefore cannot be sustained.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

She was 51 years old as of the hearing, weighing 260 pounds, and standing approximately 5 feet, 5 inches tall. (T at 33). She completed high school and obtained a bachelor's degree. (T at 33). She attended real estate school and obtained a real estate license. (T at 35). She is divorced and lives alone. (T at 36). She last worked in January of 2011, when she was laid off. (T at 36). Most days, she

experiences extreme pain or lethargy, has difficulties with her hands, has trouble sitting for prolonged periods, and is chronically fatigued. (T at 38). She has significant pain in her spine and legs, along with stabbing nerve pain and difficulty breathing. (T at 38). She has trouble sleeping. (T at 39). She had a varied career, including selling mobile homes, computer repair, and property management. (T at 39-40). She does not own a car and rarely drives. (T at 41). Physical activity leads fairly quickly to exhaustion. (T at 42). She enjoys reading and attends religious services on-line. (T at 43-44). She has had four surgeries. (T at 46).

She does her grocery shopping using a riding "push buggy." (T at 49). She gets about three hours of sleep most nights and has difficulty getting out of bed in the morning. (T at 50). She attempts light chores, watches television, and rests periodically throughout the day. (T at 51). Bathing is difficult due to pain. (T at 52). She can stand for approximately 30 minutes and experiences pain upon prolonged sitting. (T at 53-54). Medication helps with the pain, but makes her "loopy." (T at 55). She avoids stairs. (T at 55). She can carry a gallon of milk from the car to the house. (T at 55-56). Her pain is getting worse. (T at 56).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not

fully credible. (T at 21).  This Court finds that the ALJ's assessment cannot be sustained.

First, the evidence was less clear than the ALJ indicated.  For example, the ALJ describes Plaintiff's treatment as "conservative," although she has had surgery for carpal tunnel release and may need additional procedures. (T at 719, 727-30). The ALJ referenced records describing Plaintiff's gait as normal, but there were also indication of abnormal gait and the use of a cane and walker. (T at 377, 425, 545). Second, and most importantly, Plaintiff's subjective testimony was supported by Dr. Bebawi's opinion, which the ALJ improperly discounted for the reasons outlined above.  Third, Plaintiff has an excellent work record, which should have been considered when weighing the credibility of her claims, but was not. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist. LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009).

**C.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

In this case, the ALJ should have developed the record further for the reasons outlined above. In particular, the ALJ should have obtained a consultative examination and/or the testimony of a medical expert. However, it is not clear from the record before this Court that Plaintiff is disabled. Her treatment was *generally* conservative and there were numerous *generally* normal clinical examinations. Although caution and further development of the record are required (particularly because of the fibromyalgia diagnosis), the evidence is ambiguous as to whether Plaintiff is actually disabled and a remand for further proceedings is therefore the appropriate remedy.

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings, and it is further ORDERED that

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees.

DATED this 1st day of June, 2016.

                    /s/Victor E. Bianchini
                    VICTOR E. BIANCHINI
                    UNITED STATES MAGISTRATE JUDGE